## CLEMONS v. STATE.

1. CRIMINAL LAW. *Indictment.* An indictment which charges that the defendaut was an employè of the Penitentiary, and as such "did aid, assist and suffer" a prisoner confined in the Penitentiary under conviction for a felony to escape, charges only one offense, and is good under the Code, §5540.

2. SAME. *Confession.* Upon the trial of the defendant for suffering a couvict to escape from the Penitentiary, a confession of the defendant, induced by improper means, may be used to the extent of showing that it was thereby discovered that his wife had in her possession a draft and deed, dated shortly before the escape, the draft being drawn by a brother of the convict, and

Clemons *v.* State.

made payable to the defendant or his wife; and the deed being a conveyance of land executed by the convict's wife to the defendant's wife.

3. SAME. *Same.* The Attorney-General may, by an interrogatory to a witness, show that the State is willing to give the defendant the benefit of his explanation of the instruments thus discovered, and legitimately refer to the fact in reply to the argument of the defendant's counsel that the defendant's mouth was sealed by the law.

FROM DAVIDSON.

Appeal in error from the Criminal Court of Davidson County. J. M. QUARLES, J.

W. A. THOMA for Clemons.

Attorney-General LEA for The State.

COOPER, J., delivered the opinion of the Court.

The plaintiff in error was indicted for aiding a prisoner to escape from the penitentiary where he was confined under a conviction for a felony. The indictment contained three counts, each charging that the defendant " did aid, assist and suffer " the prisoner to escape. In the first count the defendant is described as an officer of the penitentiary, and as such did aid, &c. The second count is the same as the first, except that the defendant is described as an employè of the penitentiary. The third count differs from the others only in omitting the averment that he was an officer or employè. On the trial the defendant was convicted upon the second count.

Clemons *v.* State.

It is now argued that the second count of the indictment charges two offenses.    This argument is based upon the ground that the Code, §5540, makes it a felony for any person to " aid " a convict to escape, and the second count of this indictment uses both words, " did aid and suffer."    But the distinction between the two offenses does not turn upon the words aid or suffer.    It consists in the fact whether the person was or was not an officer or employè of the penitentiary.    If he was not, then the offense provided for in section 5539 can alone be committed, whether the offense was committed by active aid or mere sufferance.    If he was an officer or employè, section 5540 would apply. The second count was under the latter section, and the words aid and assist were mere surplusage, or expressive of an act by which the defendant " did voluntarily suffer " the convict to escape. Only one offense is charged.

The defendant was employed in the penitentiary to drive a furniture cart, and, on the day of the escape of the prisoner, he had driven the cart into the penitentiary and taken out a load of furniture about the time or shortly before the convict was missed.    The defendant, although sent for, kept away from the penitentiary for a day or two. When he did come, the Warden of the penitentiary and one of the lessees took him into a room and locked the door, and, upon certain promises, obtained from him a confession.    What took place was detailed to the Judge in the absence of the

jury, and he expressly excluded from the jury all the conversations and confessions, except the statement by the defendant that his wife had in her possession a draft and deed. These were sent for, and the wife, at the instance of the defendant, delivered them to the Warden. The draft was for money, signed by a brother of the convict who was suffered to escape, and was payable to the defendant or his wife. The deed was the conveyance of three lots in the State of Illinois by the convict's wife to the defendant's wife. Both instruments bore date shortly before the escape.

The error assigned is, that the Court admitted the prisoner's statement or confession in relation to the possession of the draft and deed. It is not denied that confessions, induced by improper means, may be used to the extent of showing that the prisoner had knowledge of the facts to the discovery of which his confession led. *Rice* v. *State*, 3 Heis., 215; *White* v. *State*, 3 Heis., 338. The argument is that the rule does not apply to this case, because the facts discovered have no necessary connection with the crime of which the prisoner is charged. We are unable to concur in this view of the law. It is true the facts before us cannot be said to have as direct a bearing on the offense as the discovery of stolen goods in the case of larceny. But they have a bearing, and a very palpable one, on the particular offense, nearly if not quite as much so as the discovery of goods taken from a burning building upon the crime of arson,

for which the prisoner was tried in *Deathridge* v. *State*, 1 Sneed, 76.

The Attorney-General, after the Court had excluded all the evidence of confessions except so much as led to the discovery of the draft and deed, asked the witness what the defendant said as to where he got the deed and draft, and what was the consideration for them. The defendant objected, and the Court would not allow the question to be answered. Afterwards, in the argument of the cause, the defendant's counsel argued that the defendant could not explain the possession or consideration of the deed and draft referred to in the testimony, because his wife was incompetent to testify, and defendant's mouth was sealed by the law. To which the Attorney-General replied that the defendant could have taken the deposition of the parties who made the instrument; and, moreover, the State had offered to let what the defendant had said about them go before the jury, and the defendant would not permit it. It is said this was improper on the part of the Attorney-General, but we cannot see it in that light. The Attorney-General had the right to show by his questions that the State had no objection to the defendant's explanations, and his reply was a legitimate comment on the facts.

There is no error in the record, and the judgment must be affirmed.